IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE ROBINSON,                          )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )          Case No. 24-cv-1014-DWD
                                          )
KEVIN CHILDES,                            )
JASON DUNN,                               )
WEXFORD HEALTH SOURCE,                    )
                                          )
                    Defendants.           )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Willie Robinson, a former inmate of the Illinois Department of Corrections (IDOC), filed the present pleading before this Court naming two prison optometrists and their employer, Wexford Health Source.  (Doc. 1).  As presented, the pleading is insufficient and lacks an arguable basis in law or fact, so it may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e).  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Section 1915(e)(2) provides that notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss a case if it determines that the action fails to state a claim or is frivolous.  Here, Plaintiff's Complaint is time-barred, frivolous, and has failed to state a claim.

## Analysis

Plaintiff names Defendants Kevin Childes, Jason Dunn, and Wexford Health Source.  (Doc. 1 at 1-2).  The body text of his complaint is just a few sentences, and reads:

> *Robinson v. Dunn and Childes*, 20-cv-432-NJR.  This cause of action comes
> because the meritorious issues were never reached because of the alleged
> premise that Plaintiff never exhausted his administrative remedies.  The
> cause came to its conclusion on August 1, 2022.

(Doc. 1 at 6).  Plaintiff's complaint does not include any demand for relief, and it does not

further elaborate on his claims.

The Court reviewed the publicly available records on the docket sheet for Case

No. 20-cv-432, which was titled *Robinson v. Swalls, et al.*, 20-cv-432-SPM.  That case had

claims about care for eczema dismissed for failure to exhaust administrative remedies.

Those claims were dismissed on October 22, 2021.  *Robinson*, Case No. 20-cv-432-SPM

(Doc. 72).  Additionally, that lawsuit did not contain *any* claims against the present

Defendants—Dunn, Childes, or Wexford.

A review of Court records revealed a different case—Case No. 20-cv-541-NJR—

titled *Robinson v. Dunn, et al.*, that concerned Defendants Dunn and Childes.  In that case,

Plaintiff's allegations against Defendant Dunn were dismissed on June 8, 2020, as time-

barred.  *Robinson v. Dunn, et al.*, Case No. 20-cv-541-NJR (Doc. 8).  Plaintiff's allegations

against Defendant Childes were dismissed for failure to exhaust administrative remedies

on October 25, 2021.  *Id.* (Doc. 65).  The allegations against Childes concerned an eye exam

in May of 2018 at Centralia Correctional Center.  *Id.*  (Doc. 1 at 5-7).  On December 18,

2019, Plaintiff was transferred from Centralia to Shawnee Correctional Center.  (*Id.*).  The

Court found that Plaintiff's latest attempt at exhaustion of administrative remedies

concluded in late March of 2020.  (*Id.*).

Although Plaintiff is no longer incarcerated, and thus the Prison Litigation Reform Act's exhaustion rules do not apply to a new lawsuit he has filed,[1] this lawsuit can immediately be dismissed because it is time-barred.  The allegations against Dunn were deemed time-barred in 2020, and Plaintiff's release from prison does not change that.[2] The allegations against Childes concern an appointment in 2018, and Plaintiff left the prison where Childes worked at the latest by December 18, 2019.  The earlier Court determined that exhaustion efforts ceased by mid-2020, and Plaintiff has not offered anything to change that analysis.

The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts.  *See Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989).  In Illinois, where the events in Plaintiff's complaint occurred, that period is two years.  *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202.  Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level.  *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015).  A court may *sua sponte* dismiss a case if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit

---

[1] *See e.g.*, *Lemke v. Allen*, 2020 WL 1139269 (S.D. Ill. Mar. 9, 2020) (collecting cases for the proposition that the PLRA's exhaustion requirement only applies to individuals detained at the time that they file the lawsuit.)

[2] *See Robinson v. Dunn, et al.*, Case No. 20-cv-2116 (C.D. Ill. June 8, 2020) (Doc. 8) (Plaintiff's claim against Dunn concerned a single visit in April of 2014, and he was transferred to another prison in November of 2016, but he did not file the lawsuit naming Dunn until May of 2020.  This was well beyond the two-year statute of limitations, and there was no basis for tolling).  Plaintiff does not provide any information that suggests anything has changed.  As of the filing of this case, his single visit with Dunn is now approximately ten years ago, far beyond the two-year statute of limitations.

frivolous." *Id.* at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations).

Here, Plaintiff's allegations in his underlying lawsuit against Childes and Dunn are premised on actions that occurred in 2019 and earlier, and that were exhausted by April of 2020 at the latest. Plaintiff did not file the present lawsuit until April of 2024, four years after his final attempts at exhaustion at the prison level. True, he had appeals of *Robinson v. Dunn, et al.*, pending all the way thru May of 2023, but major delays in those appeals were caused by his own tactics first of failing to pay the filing fee, and then paying just days after his case was closed, and second by filing multiple ambiguous requests to voluntarily dismiss followed by a request that was granted to reinstate his appeal. *See Robinson v. Childes*, Case No. 22-cv-2523 (7th Cir.). Ultimately, his appeal was dismissed when he failed to ever file a proper docketing statement on May 4, 2023. *Id.*, (May 4, 2023, Order, Doc. 22). Against this backdrop, the court does not see any basis that would support any form of tolling.

Plaintiff began his quest to resolve allegations against Dunn and Childes too late, and he has caused it to drag on for many years. To now allow him to reinstate a claim and to bypass the exhaustion requirements because he has been released from prison would be to allow him to engage in litigation tactics designed to evade the statutes and rules that govern inmate litigation. At minimum, allowing Plaintiff to proceed on this complaint would be to allow him to pursue redundant litigation, at least some of which he knew was already time-barred. The Court finds that any such attempt by Plaintiff

amounts to intentionally frivolous or malicious conduct, which provides another basis for dismissal.

Finally, Plaintiff named Wexford Health Source as a new defendant in this matter. Wexford was not a party to either of the prior civil cases that the Court discussed above. To the extent that Plaintiff believes he has some freestanding claim against Wexford, the present complaint is insufficient to proceed because it provided zero factual allegations against Wexford whatsoever.  Any claim against Wexford is subject to dismissal without prejudice for failure to state a claim.

## Disposition

Plaintiff's complaint is **DISMISSED** as time-barred, frivolous, and for failure to state a claim.  Plaintiff will not be afforded an opportunity to amend, and the Clerk of Court need not undertake further efforts to collect a filing fee in this matter.  The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: April 4, 2024                          /s *David W. Dugan*

                                              _____
                                              DAVID W. DUGAN
                                              United States District Judge